**MANDATE**

19-2217-cv
D'Amore v. City of New York

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

JOHN D'AMORE,

    *Plaintiff-Appellant*,

    v.    No. 19-2217-cv

CITY OF NEW YORK,

    *Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    Ariel Y. Graff, Filosa Graff LLP, New York, NY.

| | | |
|---|---|---|
| 1 | FOR DEFENDANT-APPELLEE: | Richard Dearing, Devin Slack, |
| 2 | | Diana Lawless, *for* James E. |
| 3 | | Johnson, Corporation Counsel |
| 4 | | of the City of New York, New |
| 5 | | York, NY. |

6    Appeal from a judgment of the United States District Court for the Eastern

7    District of New York (Pamela K. Chen, *Judge*).

8    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

9    AND DECREED that the judgment of the District Court is AFFIRMED.

10    John D'Amore appeals from a judgment entered June 25, 2019 by the

11    United States District Court for the Eastern District of New York (Chen, J.)

12    granting summary judgment in favor of the City of New York on D'Amore's

13    retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

14    et seq.   We assume the parties' familiarity with the underlying facts and the

15    record of prior proceedings, to which we refer only as necessary to explain our

16    decision to affirm.

17    In 2016 the New York City Department of Correction (DOC) hired

18    D'Amore to join one of its investigative teams responsible for reviewing

19    allegations of sexual assault made against inmates or DOC staff members.   To

ensure that its investigative teams "had some balance of male and female investigators," DOC stationed D'Amore at the George R. Vierno Center (GRVC) on Rikers Island. Appellee's Br. 4. Shortly after D'Amore learned of his assignment to the GRVC, he complained to his superiors that he believed that the assignment was made for "improper" reasons. Joint App'x 257. Hours later, D'Amore was fired. D'Amore filed this suit, alleging that DOC's decision to fire him violated the anti-retaliation provisions of Title VII. The District Court rejected D'Amore's claim, concluding that "no reasonable jury could find that" (1) D'Amore "engaged in protected activity" or that (2) DOC "was aware of that activity." Special App'x 9. D'Amore challenges both conclusions on appeal. Based upon our review of the record, we conclude that D'Amore failed to establish a prima facie case of unlawful retaliation, and we accordingly reject D'Amore's argument to the contrary.

We have considered D'Amore's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit